IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGELA HOENIG, | ) | Civil Action No.  21-342 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NASCO HEALTHCARE, INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | Electronically Filed. |

COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiff, ANGELA HOENIG, by and through her attorneys, LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A. TERZIGNI, ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and hereby files this Complaint in a Civil Action averring as follows:

JURISDICTION AND VENUE

1. This is an action for the redress of grievances and in vindication of rights guaranteed to the Plaintiff under Pennsylvania's Wage Payment and Collection Law, 43 P.S. § 260.1, *et. al,* and Pennsylvania Common Law.

2. Jurisdiction is founded on 28 U.S.C. § 1332. The amount in controversy in this matter exceeds $75,000.00 and is between citizens of different states.

3. Venue is proper under 28 U.S.C.A. § 1391(b)(2). All claims set forth herein arose in the Western District of Pennsylvania.

PARTIES

4. Plaintiff, Angela Hoenig, is an adult individual who resides in Beaver County, Pennsylvania.

5. Defendant, Nasco Healthcare, Inc., is a business corporation with a principal address of 901 Janesville Avenue, Fort Atkinson, Wisconsin 53538 and a registered address of 16 Simulaids Drive, Saugerties, New York 12477.

6. At all times relevant hereto, the Defendant was acting through its agents, subsidiaries, predecessor companies, officers, employees, and assigns acting within the full scope of their agency, office, employment or assignment.

## FACTS

7. Plaintiff was hired by Defendant's predecessor company, Simulaids, Inc., as an independent sales representative in or about May of 2015.

8. Pursuant to the terms of the Plaintiff's contract with Simulaids, Inc., dated May 14, 2015, Plaintiff was to be paid:

   a. Thirteen (13) percent commission on the sales of the following products made within her territory

      i. SMART STAT Simulators (all versions)

      ii. All SMART STAT Accessories

      iii. SMART MOM Simulators (all versions)

      iv. All SMART MOM Accessories

      v. Scenario Packages

      vi. Extended Warrantees

      vii. CPR Recorder Manikins with iPad

      viii. BP Training Arms with iPod

   b. Five (5) percent commission on the sales of all other products made within her territory.

Plaintiff's employment contract is attached hereto as Exhibit "A."

9.	In or about August of 2016, Plaintiff's sales territory included Alabama, Connecticut, Delaware, Florida, Georgia, Kentucky, Maine, Maryland, Massachusetts, Mississippi, New Hampshire, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, South Carolina, Tennessee, Vermont, Virginia, West Virginia, Minnesota, Wisconsin, Iowa, Illinois, Maryland, Arkansas, Indiana, Michigan and Louisiana.

10.	Plaintiff was hired by Simulaids, Inc. as a full-time sales representative in or about October of 2016.  At that time, the terms of Plaintiff's employment contract with Simulaids, Inc. (*see* Exhibit A), were extended to apply to the Plaintiff's employment as a full-time sales representative.

11.	In or about April of 2017, Plaintiff's commission agreement with Simulaids, Inc. was revised to:

    a. Four (4) percent commission on "ALEX" sales until above sales goal, then six (6) percent commission

    b. Four (4) percent commission on Smart Products

    c. Two (2) percent commission on Dealer sales over plan number

    d.  Two (2) percent on Station Trainers

    e. Ten (10) percent on selected items

Plaintiff's revised commission agreement is attached hereto as Exhibit "B."

12.	The terms of Plaintiff's revised commission agreement were formalized through both oral and written communications between the parties, including, but not limited to, through electronic mail sent to the Plaintiff by her direct supervisor.  (*See* Exhibit "B").

13.	Additionally, Plaintiff's sales territory was modified to Alabama, Connecticut, Delaware, Florida, Georgia, Kentucky, Maine, Maryland, Massachusetts, Mississippi, New Hampshire,

New Jersey, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, South Carolina, Tennessee, Vermont, Virginia and West Virginia.

14. In or about 2020, Simulaids, Inc. completed a merger to become the named Defendant and Plaintiff became an employee of the named Defendant. Notably, Defendant's information is listed on the Plaintiff's Form W-2 for 2020.

15. Pursuant to her employment and commission agreements, Plaintiff was due to be paid commission on sales made in her territory, unknown in name and number, throughout the course of the Plaintiff's employment.

16. Plaintiff believes, and therefore avers, that she has yet to be paid a number of commissions, unknown in name and number, to which she is entitled under the above-described contracts and/or agreements. (*See* Exhibits "A" and "B").

17. Plaintiff believes, and therefore avers, that she is owed $343,894.20, at minimum, based on the sales documented in Defendant's sales database.

18. Plaintiff believes, and therefore avers, that the total amount of unpaid commissions she is owed by Defendant may be higher than the amount identified hereinbefore above.

19. Therefore, Plaintiff demands that Defendant provide an accounting for each sale in the Plaintiff's territory on which commissions were due and owed to the Plaintiff under her employment contract and/or commission agreement(s) with the Defendant.

20. Various executives of Defendant stated to the Plaintiff and other employees that company sales information is deficient, inconsistent and/or inaccurate on more than one occasion.

21. In many instances, executives have encouraged sales representatives, including, but not limited to, the Plaintiff, to track their own commissions and bonuses, but have failed to provide

these sales representatives with the proper documentation to do so, including, but not limited to, sales invoices.

22. On multiple occasions throughout the course of Plaintiff's employment, Defendant has failed to timely pay commissions due and owed to the Plaintiff pursuant to her employment contract. (Exhibit "A").

COUNT I:

VIOLATION OF PLAINTIFF'S
PENNSYLVANIA COMMON LAW RIGHTS

<u>BREACH OF CONTRACT</u>

23. Plaintiff incorporates by reference Paragraphs 1 through 22 as though fully set forth at length herein.

24. As more fully described hereinbefore above, an employment contract was created between the Plaintiff and Defendant, through its predecessor company, Simulaids, Inc., on or about May 14, 2015. This contract was modified in or about April of 2017. This contract defined the compensation to which the Plaintiff was entitled as an employee of Defendant and Defendant's predecessor company, Simulaids, Inc.

25. Pursuant to the contract between Plaintiff and Defendant, Plaintiff was entitled to commissions on the sales of products made within her territory, as more fully described hereinbefore above.

26. The contract between Plaintiff and Defendant was breached when Defendant failed to pay the Plaintiff the full amount of commissions due and owed to her under the employment contract.

27. The contract between Plaintiff and Defendant was also breached when Defendant failed to timely pay the Plaintiff commissions to which she was entitled, pursuant to the terms of the contract.

28.     Plaintiff demands that Defendant provide an accounting for each sale in the Plaintiff's territory on which commissions were due and owed to the Plaintiff under her employment contract throughout the course of her employment.

29.     Plaintiff is unable to state the exact amount due to her, as no full and fair accounting has ever been rendered to her by Defendant.  As a direct and proximate result of the acts mentioned hereinbefore above perpetrated by the Defendant, Plaintiff suffered the following injuries and damages:

   a.     loss of earnings and other employment benefits; and

   b.     economic damages related to any and all consequential costs.

   WHEREFORE, the Plaintiff asks this Honorable Court to enter an order directing Defendant to account fully to the Plaintiff for each sale in the Plaintiff's territory on which commissions were due and owed to her under her employment contract and demands judgment against the Defendants for the amount shown to be due by such account.  Furthermore, Plaintiff demands compensatory general damages against the Defendant in the amount proven at trial; compensatory, special damages including, but not limited to, costs of suit, reasonable attorney's fees as permitted by law, pre- and post-judgment interest as permitted by law; consequential damages; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

                              JURY TRIAL DEMANDED

## COUNT II:

## VIOLATION OF 43 P.S. § 260.1, *et. al.*

## PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW

30. Plaintiff incorporates by reference Paragraphs 1 through 29 as though fully set forth at length herein.

31. As described hereinbefore above, Defendant failed to pay Plaintiff the commissions to which she was entitled under her employment contract and/or commission agreement(s). Defendant also failed to make timely payments of commissions due and owed to the Plaintiff pursuant to her employment contract and/or commission agreement(s).

32. Plaintiff demands that Defendant provide an accounting for each sale in the Plaintiff's territory on which commissions were due and owed to her under her employment contract throughout the course of her employment.

27. Plaintiff is unable to state the exact amount due her, as no full and fair accounting has ever been rendered by Defendant.

28. These earnings, as described hereinbefore above, remain due and payable to the Plaintiff in violation of Pennsylvania's Wage Payment and Collection Law, 43 P.S. § 260.1, *et. al.*

WHEREFORE, the Plaintiff asks this Honorable Court to enter an order directing Defendant to provide an accounting for each sale in the Plaintiff's territory on which commissions were due and owed to her under her employment contract and demands judgment against the Defendants for the amount shown to be due by such account. Furthermore, Plaintiff demands compensatory general damages against the Defendant in the amount proven at trial; compensatory, special damages including, but not limited to, costs of suit, reasonable attorney's fees as permitted by law, pre- and post-judgment interest as permitted by law; consequential

damages; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

                JURY TRIAL DEMANDED

                Respectfully submitted,

                LAW OFFICES OF JOEL SANSONE

                s/ Joel S. Sansone
                Joel S. Sansone, Esquire
                PA ID No. 41008
                Massimo A. Terzigni, Esquire
                PA ID No. 317165
                Elizabeth A. Tuttle, Esquire
                PA ID No. 322888
                *Counsel for Plaintiff*

                Two Gateway Center, Suite 1290
                603 Stanwix Street
                Pittsburgh, Pennsylvania 15222
                412.281.9194

Dated:  March 12, 2021