**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANGELA HOENIG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs | ) | Civil Action No. 2:21-342 |
| | ) | |
| | ) | Magistrate Judge Dodge |
| NASCO HEALTHCARE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM OPINION</u>

Plaintiff Angela Hoenig brings this action under Pennsylvania law against her former employer, Defendant Nasco Healthcare, Inc.in which she seeks unpaid commissions and bonuses.

Currently pending before the Court is Plaintiff's partial motion for summary judgment (ECF No. 61). For the reasons that follow, the motion will be denied.

### I.   <u>Relevant Procedural History</u>

Plaintiff commenced this action in March 2021 and filed an Amended Complaint on May 31, 2022 (ECF No. 33). Subject matter jurisdiction is based on diversity of citizenship, 28 U.S.C. § 1332(a). The Amended Complaint contains four claims: breach of contract (Count I), violation of the Pennsylvania Wage Payment and Collection Law, 43 P.S. §§ 260.1-260.12 (WPCL) (Count II), fraudulent concealment (Count III) and fraud (Count IV).

On June 6, 2023, Plaintiff filed a partial motion for summary judgment, contending that Defendant owes her $5,000 for an unpaid bonus she earned in early 2021. Plaintiff seeks a judgment in her favor on Counts I and II of the instant Amended Complaint related to the unpaid bonus, as well as liquidated damages on that amount. Further, Plaintiff asks that the Court permit

her to file a motion to recover attorney's fees and costs related to this action.

Plaintiff's motion has been fully briefed (ECF Nos. 62, 71, 75, 79).[1]

II.   **Relevant Facts**

Plaintiff began her employment with Defendant's predecessor in May of 2015 as an independent sales representative. She became a full-time employee in April of 2017. (Plaintiff's Concise Statement of Undisputed Material Facts ("PCSUMF") ¶¶ 1-2) (ECF No. 63.) Plaintiff's compensation package included the payment of bonuses if she met certain sales goals. Plaintiff was eligible for bonuses from 2017 through the end of her employment with Defendant. (*Id.* ¶¶ 3-4.)

Plaintiff resigned her employment from Defendant on April 5, 2021, giving a two-week notice. On April 26, 2021, Defendant's Vice President of Human Resources, Cheryl DelVecchio, advised members of Defendant's senior leadership that the Plaintiff was owed bonuses for 2020 in the amount of $10,000.00 and for 2021 in the amount of $5,000.00. (PCSUMF ¶¶ 5-6.) The next day, Ms. DelVecchio sent Plaintiff an email which stated that the aforementioned payments were directly deposited to her bank account. Attached to the email was a letter from the Defendant's Global Vice President of Sales, Marketing and Customer Service, Lee Johnson, in which he stated that Plaintiff earned a $5,000 bonus for 2021 based on her efforts to sell Defendant's products. (*Id.* ¶¶ 7-8.)

Plaintiff states that, while she did receive her 2020 bonus in the amount of $10,000.00, she was never paid the $5,000.00 which she earned as a bonus for 2021. (PCSUMF ¶ 9.)

Defendant contends that these facts are irrelevant because upon receipt of Plaintiff's

---

[1] Defendant subsequently filed a motion for summary judgment with respect to all of Plaintiff's claims (ECF No. 80). That motion is still in the process of being briefed and will be addressed separately.

partial motion for summary judgment, Defendant investigated the matter and paid her the $5,000 bonus, plus the 25% statutory penalty and interest, for a total of $6,901.66, on June 30, 2023. (Defendant's Counterstatement of Material Facts ("DCMF") ¶¶ 1-9) (ECF No. 72.)[2] Plaintiff does not dispute that these sums have been paid, nor does she allege that Defendant's calculation is inaccurate.

## III.   Discussion

### A.   Standard of Review

The Federal Rules of Civil Procedure provide that: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's case, and for which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of identifying evidence which demonstrates the absence of a genuine issue of material fact. Once that burden has been met, the non-moving party must set forth "specific facts showing that there is a genuine issue for trial" or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. *Matsushita Elec. Indus. Corp. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court of Appeals has held that "where the movant bears the burden of proof at trial and the motion does not establish the absence of a genuine factual issue,

---

[2] The parties are both right. It is undisputed that Defendant knew prior to the filing of Plaintiff's motion that she was entitled to a $5,000 bonus from early 2021 and knew or should have known that she had not received it, but it is also undisputed that Defendant has since paid this amount, along with a statutory penalty and interest, to Plaintiff.

the district court should deny summary judgment even if no opposing evidentiary matter is presented." *National State Bank v. Federal Reserve Bank,* 979 F.2d 1579, 1582 (3d Cir. 1992).

In following this directive, a court must take the facts in the light most favorable to the non-moving party, and must draw all reasonable inferences and resolve all doubts in that party's favor. *Hugh v. Butler County Family YMCA*, 418 F.3d 265, 266 (3d Cir. 2005); *Doe v. County of Centre, Pa.*, 242 F.3d 437, 446 (3d Cir. 2001).

      B.  <u>WPCL Requirements</u>

The WPCL imposes a statutory duty on "every employer" to pay "all wages" due to employees. 43 P.S. § 260.3. Employees may bring a civil action to recover such wages. 43 P.S. § 260.9a. However, "the WPCL does not create a right to compensation . . . [r]ather, it provides a statutory remedy when the employer breaches a contractual obligation to pay earned wages. The contract between the parties governs in determining whether specific wages are earned." *De Ascencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003) (citations omitted).

The statute further states that:

> The court in any action brought under this section shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow costs for reasonable attorneys' fees of any nature to be paid by the defendant.

43 P.S. § 260.9a(f). Because the statute uses the word "shall," courts have held that the award of attorney's fees to a prevailing party in a WPCL case is mandatory. *See Oberneder v. Link Computer Corp.*, 696 A.2d 148, 151 (Pa. 1997).

It is undisputed that Defendant has paid to Plaintiff the $5,000 bonus, plus the 25% statutory penalty and interest. Thus, it becomes necessary to determine if Plaintiff is the "prevailing party" in connection with the claim for the $5,000 bonus. Courts have analogized this situation to a plaintiff's recovery of attorney's fees in a federal civil rights action pursuant to 42

U.S.C. § 1988. *See Bandy v. LG Indus., Inc.*, 2003 WL 22100876, at *1 (E.D. Pa. July 23, 2003).

For purposes of that statute: "A typical formulation is that 'plaintiffs may be considered

"prevailing parties" for attorney's fees purposes if they succeed on any significant issue in

litigation which achieves some of the benefit the parties sought in bringing suit.'" *Hensley v.*

*Eckerhart*, 461 U.S. 424, 433 (1983) (citations omitted).As held by the Court of Appeals:

> To be eligible to make a prevailing-party claim under § 1988, the plaintiff must, "at a minimum, ... be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant." *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792, 109 S. Ct. 1486, 103 L.Ed.2d 866 (1989). The change must be "judicially sanctioned," *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 605, 121 S. Ct. 1835, 149 L.Ed.2d 855 (2001), and must "achieve[ ] some of the benefit the part[y] sought in bringing suit," *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L.Ed.2d 40 (1983) (internal quotation marks and citation omitted). A "voluntary change in conduct ... lacks the necessary judicial imprimatur on the change." *Buckhannon*, 532 U.S. 598-99, 121 S. Ct. 1835. In other words, "a plaintiff does not become a 'prevailing party' solely because his lawsuit causes a voluntary change in the defendant's conduct." *People Against Police Violence v. City of Pittsburgh*, 520 F.3d 226, 232 (3d Cir. 2008) ("PPAV"). Rather, the change in the parties' legal relationship must be the product of judicial action. *See Buckhannon*, 532 U.S. at 605-06, 121 S. Ct. 1835.

*Singer Mgmt. Consultants, Inc. v. Milgram*, 650 F.3d 223, 228 (3d Cir. 2011).

Plaintiff cites from the Supreme Court's opinion in *Hewitt v. Helms*, 482 U.S. 755

(1987), to suggest that either the commencement of the lawsuit or the filing of her partial motion

for summary judgment served as the catalyst that caused Defendant to change its conduct. But in

*Hewitt*, the Court stated that it "need not decide the circumstances, if any, under which this

'catalyst' theory could justify a fee award under § 1988." *Id.* at 763. Subsequently, in

*Buckhannon*, the Supreme Court expressly rejected the catalyst theory. 532 U.S. at 610.

Defendant notes that it paid the bonus to Plaintiff voluntarily and that no motion or

judgment has been entered in Plaintiff's favor. In response to this argument, Plaintiff contends

that, if this Court grants her partial motion for summary judgment, then a change in the parties'

legal relationship will result from "judicial action" and she will be a "prevailing party" for purposes of her WPCL claim.

This argument is circular: the Court cannot hold that Defendant must pay Plaintiff a $5,000 bonus when it has already done so voluntarily, nor can it grant Plaintiff's motion solely for the purpose of making her a prevailing party after the fact. Based upon the applicable case law, Plaintiff did not receive the payment as a result of judicial action; therefore, she is not a prevailing party for purposes of seeking recovery of her attorney's fees under the WPCL.[3]

Plaintiff's request for attorney's fees is also premature. *See Divenuta v. Bilcare, Inc.*, 2011 WL 1196703, at *10 (E.D. Pa. Mar. 30, 2011) (because the court was denying the defendant's motion for summary judgment on the plaintiff's claim for incentive compensation and because he would be entitled to attorney fees if he prevailed on that claim, "it does not make sense to discuss attorney fees at this juncture. Accordingly, I will defer judgment on this issue pending resolution of his other WPCL claim."); *Silver Fiddle v. Ladbroke Racing Corp.*, 1998 WL 148716, at *3 (W.D. Pa. Feb. 6, 1998) (awarding attorney's fees would be premature when plaintiff secured judgment as to only one-third of the counts in the complaint).

In support of her position, Plaintiff cites *Singer* and *Hanrahan v. Hampton*, 446 U.S. 754 (1980), but in neither case did the court hold that a party was entitled to attorney's fees prior to the conclusion of the case. In fact, in both cases, the parties were held not to be prevailing parties and thus were not entitled to any attorney's fees.[4]

---

[3] In addition, the Supreme Court has held that: "Where the plaintiff's success on a legal claim can be characterized as purely technical or *de minimis*, a district court would be justified in concluding that even the 'generous formulation' we adopt today has not been satisfied." *Texas State Teachers Ass'n*, 489 U.S. at 792. As Defendant observes, even if Plaintiff had achieved a victory as a result of judicial action, receiving $5,000 of her total damage request of $1,980,799 (0.25%) could properly be described as de minimis.

[4] Defendant also argues that Plaintiff's request for *Footnote continued on next page…*

D.   Conclusion

For the reasons explained above, Plaintiff's partial motion for summary judgment will be denied.

An appropriate order follows.


Dated: October 23, 2023                           /s/ Patricia L Dodge_____
                                                  PATRICIA L. DODGE
                                                  United States Magistrate Judge

---

attorney's fees is not reasonable. As Plaintiff observes, however, she has not formally requested a specific amount and it is not appropriate for the Court to review email communications between counsel on this topic.