IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGELA HOENIG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 2:21-342 |
| | ) |
| NASCO HEALTHCARE, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Angela Hoenig ("Hoenig") brings this action against her former employer, Defendant Nasco Healthcare, Inc. ("Nasco"), in which she seeks unpaid commissions and bonuses to which she claims to be entitled.

After the conclusion of discovery, Nasco filed a motion for summary judgment (ECF No. 80). Subsequently, the Court issued a Memorandum Opinion (ECF No. 115) and Order (ECF No. 116)[1] that granted in part and denied in part Nasco's motion, as discussed in more detail below.

Pending before the Court is Nasco's motion for reconsideration of that portion of the summary judgment decision that denied the motion in part (ECF No. 121). For the reasons below, Nasco's motion for reconsideration will be denied.

I.   **Relevant Procedural History**

Hoenig commenced this action in March 2021 and filed an Amended Complaint on May 31, 2022 (ECF No. 33). The original Complaint included claims for breach of contract and violation of the Pennsylvania Wage Payment and Collection Law, 43 P.S. §§ 260.1-260.12 (WPCL). After some discovery, Hoenig amended her complaint to add additional counts of

---

[1] The parties have fully consented to jurisdiction by a magistrate judge.

fraudulent concealment (Count III) and fraud (Count IV).

After discovery was completed, Nasco moved for motion for summary judgment (ECF No. 80). On March 19, 2024, the Court issued a Memorandum Opinion and Order that granted Nasco's motion with respect to the fraudulent concealment and fraud claims in Counts III and IV and also with respect to certain aspects of Hoenig's commissions. Nasco's motion was otherwise denied because the Court found that there are genuine issues of material fact as to Hoenig's commission structure and whether she was paid for all commissions she allegedly earned.

When the summary judgment opinion was issued, two other lawsuits brought by former Nasco employees who also sought unpaid commissions were pending against Nasco. On April 29, 2021, Matthew Long commenced a lawsuit in the United States District Court for the Northern District of Illinois, Civ. A. No. 21-2320 ("the Long Action"). A second former employee, James Goodson, commenced a lawsuit in the United States District Court for the Northern District of Texas, Civ. A. No. 21-1467-N ("the Goodson Action") on June 22, 2021.

On March 30, 2024, Nasco's motion for summary judgment in the Long Action was granted and judgment was entered in Nasco's favor. The Goodson Action remains pending.

After being granted an extension of time, Nasco filed the pending motion for reconsideration (ECF No. 121) which has been fully briefed (ECF Nos. 122, 127, 130). Nasco argues that, based on the dismissal of the Long Action, this Court should reconsider its denial of summary judgment with respect to Hoenig's breach of contract and WPCL claims in this case. Nasco alternatively argues that the dismissal of the Long Action constitutes "new legal authority" or that the doctrine of collateral estoppel applies. Hoenig opposes the motion.

## II. Discussion

### A. Standard of Review

Typically, a party seeking reconsideration must show at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). *See also Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

As Nasco argues and as several judges of this Court have observed, however, this standard applies to a motion for reconsideration of a final order or judgment. A motion for reconsideration of an interlocutory order, such as a denial of summary judgment, is governed by Rule 54(b), which states that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).

Thus, "[t]he court may permit reconsideration whenever 'consonant with justice to do so.'" *Nyamekye v. Mitsubishi Elec. Power Prod., Inc.*, 2018 WL 3933504, at *3 (W.D. Pa. Aug. 16, 2018) (Conti, C.J.) (quoting *Qazizadeh v. Pinnacle Health Sys.*, 214 F. Supp. 3d 292, 295 (M.D. Pa. 2016)). *See also State Nat'l Ins. Co. v. County of Camden*, 824 F.3d 399, 406 & n.14 (3d Cir. 2016) ("the District Court has the inherent power to reconsider prior interlocutory orders" and to "reconsider them when it is consonant with justice to do so."); *Jackson v. O'Brien*, 2021 WL 3174687, at *1 (W.D. Pa. July 27, 2021) (Lanzillo, M.J.) ("A motion for reconsideration is also appropriate in instances where the court has patently misunderstood a party, or has made a decision

3

outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.")

Nevertheless, "[t]he Rule 54(b) standard, while less rigorous, is not without teeth [and] a movant must still establish good cause for why the court should revisit its prior decision." *Michalek v. Nationwide Mut. Fire Ins. Co.*, 2022 WL 1782503, at *2 (W.D. Pa. June 1, 2022).

B. <u>The Long Action</u>

In support of its motion for summary judgment in the Long Action, Nasco argued that Long was entitled only to commissions on active Nasco Wisconsin direct sales. (*Id.* at 9.) In making this argument, it relied upon the parties' course of performance throughout Long's employment and Long's admission in an email to supervisor Jack McNeff that his commissions were limited to personally-procured sales.[2] Based upon this admission, Judge Kness, the presiding judge, concluded that, "Even considering this evidence in the light most favorable to [Long,] no reasonable juror could find that [he] was being demure in his request for 'it all' merely out of a concern for workplace decorum." (*Id.* at 12.)

In its reply brief, Nasco contends that Long's admission is relevant to this case because Hoenig has claimed that she and Long had the same commission structure. However, she has also testified regarding her understanding of the commission structure, the understanding of which is contradictory to Long's understanding and admission. Thus, while Long's testimony is certainly relevant in this case, his admission is not dispositive given that he and Hoenig materially differ in their respective interpretations of the commission structure.

---

[2] Long had responded to an email from McNeff explicitly reminding him that he would only receive credit for active sales by stating "I want it all . . . just kidding. LOL" but then stating, "We can go through to make sure things are credited properly on Monday."

In addition, Hoenig has identified other evidence that was not in the record in the Long Action but was submitted here. This includes: (1) evidence from the depositions of John Bohrman and Steve Marin (ECF No. 127 Ex. C); (2) Hoenig's affidavit (ECF No. 127 Ex. D)[3]; and (3) documents not requested by Long's counsel, including emails supporting Hoenig's argument that an early proposed commission plan was only an "outline" and that a later email attached the actual commission plan (ECF No. 127 Ex. E.) The sum total of the record evidence in this action, which clearly was not identical to the evidence submitted in the Long Action, led this Court to conclude that there are genuine issues of material fact that precluded summary judgment.

Nasco argues that Hoenig has failed to demonstrate a material difference in the record evidence between two cases. However, the Court need not delve into the details because the evidence presented in the two cases clearly is not identical on material issues. Hoenig's testimony was not the same as Long's and different evidence was identified and relied upon. By way of a significant example, here Hoenig relied upon an April 24, 2017 email from McNeff as a revised version of the commission terms that is not mentioned in the Long Action. Moreover, as explained below, even if the records in the two cases were nearly identical on the issues Nasco raises, this would not support Nasco's argument that this Court should reconsider its decision merely because the court in the Long Action reached a different result.

C. <u>New Legal Authority</u>

Nasco argues that the dismissal of the Long Action constitutes "new legal authority" on which the Court can rely to reconsider its decision with respect to Hoenig's breach of contract and

---

[3] Discovery in the Long Action closed on September 24, 2022, which was prior to the date these additional depositions were taken and Hoenig's affidavit was written. Hoenig's counsel represents that Long's counsel was permitted to but did not attend these depositions, did not request transcripts of them and did not consult with counsel in the other cases about this evidence.

WPCL claims. While Nasco is correct that this Court can, and did, review the decision in the Long Action, it is not binding legal authority that conclusively requires this Court to reach the same result. Indeed, this is the case even when courts in the same district reach different results. As the Third Circuit has stated:

> there is no such thing as "the law of the district." Even where the facts of a prior district court case are, for all practical purposes, the same as those presented to a different district court in the same district, the prior "resolution of those claims does not bar reconsideration by this Court of similar contentions. The doctrine of *stare decisis* does not compel one district court judge to follow the decision of another." *State Farm Mutual Automobile Insurance Co. v. Bates*, 542 F. Supp. 807, 816 (N.D. Ga. 1982). Where a second judge believes that a different result may obtain, independent analysis is appropriate. *Id.*

*Threadgill v. Armstrong World Indus., Inc.*, 928 F.2d 1366, 1371 (3d Cir. 1991).

The standard for reconsideration requires "an intervening change in the law," which would necessarily come from the United States Supreme Court, the Court of Appeals for the Third Circuit or a state supreme court. The law concerning the causes of action in this case has not changed since this Court's decision on March 19, 2024 and the law as applied in both this case and the Long Action has been the same.[4] Thus, the dismissal of the Long Action does not provide "new legal authority" in support of reconsideration of the decision that genuine issues of material fact precluded granting summary judgment for Nasco. Rather, as described above, it merely represents another district court's decision to grant summary judgment against a different plaintiff based on a distinct factual record.

It should also be noted that on September 11, 2023, the district court in the Goodson Action denied Nasco's motion for summary judgment, stating that "there are triable issues as to whether

---

[4] In its reply brief, Nasco "agrees that the Long Decision is not binding precedent or stare decicis [sic]" but contends that it is "important persuasive authority inasmuch as it is the reasoned judgment of a sister court facing the identical issues on an evidentiary record that is, for all intents and purposes, identical." (ECF No. 130 at 1 n.1.)

6

Goodson was improperly terminated and improperly denied his commission payments." (ECF No. 127 Ex. A.) Nasco provides no explanation as to why this Court should follow the ruling of the court in the Long Action but not that of the court in the Goodson Action, which predated both the dismissal of the Long Action and this Court's decision.[5]

Finally, Nasco has not identified any "clear error of law or fact" or circumstance that would mandate reconsideration in order to prevent "manifest injustice." Nasco's argument that it is "consonant with justice" to revisit the summary judgment issues this Court has already addressed is unpersuasive. Therefore, Nasco's request that the Court reconsider its summary judgment ruling based on "new legal authority" is unavailing.

D.   Collateral Estoppel

Nasco argues in the alternative that the doctrine of collateral estoppel applies to this situation.

The Court of Appeals has held that the doctrine of collateral estoppel may be invoked where:

> (1) The issue decided in the prior adjudication was identical with the one presented in the later action;
>
> (2) There was a final judgment on the merits;
>
> (3) The party against whom the plea is asserted was a party or in privity with a party to the prior adjudication; and
>
> (4) The party against whom it is asserted has had a full and fair opportunity to litigate the issue in question in the prior action.

*Temple Univ. v. White*, 941 F.2d 201, 212 (3d Cir. 1991) (citation omitted).

Hoenig argues that there was no "privity" with Long, demonstrated by the fact that the

---
[5] The Court acknowledges that the Goodson order denying summary judgment does not set forth its reasoning.

7

information obtained during discovery was not shared and differed in the two cases. As discussed above, because there are material differences in the evidence that was presented in the two cases, it cannot be said that Hoenig was in privity with Long.

More fundamentally, this case is not a "later action." Not only was this action commenced before the Long Action, but the Court's summary judgment decision was issued *before* summary judgment was granted in the Long Action. Thus, it is difficult to argue that collateral estoppel even applies here. Collateral estoppel cannot be the basis for reconsideration of this Court's denial of summary judgment based upon a later-filed summary judgment decision that, while similar in nature, involves a different plaintiff and a different factual record. Therefore, the doctrine of collateral estoppel is inapplicable here.

### III.    Conclusion

Therefore, this 14th day of June 2024, it is ordered that Nasco's motion for reconsideration (ECF No. 121) is DENIED.

BY THE COURT:

/s/Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge